UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED ZAIDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL CHERTOFF, Secretary, U.S. | )   06 C 1133 |
| Department of Homeland Security; | ) |
| ALBERTO GONZALES, U.S. Attorney General; | ) |
| EMILIO T. GONZALEZ, Director, U.S. | ) |
| Citizenship & Immigration Services; | ) |
| MICHAEL COMFORT, District Director, U.S. | ) |
| Citizenship and Immigration Services, Chicago | ) |
| District Office; ROBERT S. MUELLER, | ) |
| Director, Federal Bureau of Investigation, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Before this Court are Defendants' Motion to Dismiss and Plaintiff's Motion for Hearing on Plaintiff's Application for Naturalization. Because both Plaintiff's Motion for Hearing and Defendants' Motion to Dismiss require this Court to address the same legal issues, we resolve them together in this opinion. For the following reasons, Plaintiff's Motion for Hearing is denied without prejudice, Defendants' Motion to Dismiss is granted, and Plaintiff's complaint is dismissed with leave to reinstate by January 30, 2007.

## BACKGROUND

Plaintiff Syed Zaidi ("Zaidi") is a citizen of Pakistan and a permanent resident alien of the United States, currently residing in Hoffman Estates, Illinois. He filed an application for naturalization as a U.S. citizen on October 15, 2001. On July 8, 2002, he was interviewed by the Immigration and Naturalization Service (INS), the predecessor agency to the United States Citizenship and Immigration Sevices (USCIS) and was informed by the INS that his application had been recommended for approval. In the intervening three and a half years, between July 8, 2002, and the day he filed suit in this Court, Zaidi, his congressmen, and finally, his attorneys made numerous written requests to the INS and USCIS concerning the status of his application. The INS and USCIS repeatedly maintained that Zaidi's application had been delayed because of security clearances.

Zaidi filed suit in this Court on March 1, 2006, seeking a judicial determination of his naturalization application, a declaration of eligibility for naturalization, and a writ of mandamus compelling Defendant Mueller, director of the FBI, to issue the results of Zaidi's background check to USCIS. On June 8, 2006, Defendants informed the Court that USCIS had received the results of Zaidi's background check and made a final decision on his application, denying the application for "poor moral character." For reasons that are not entirely clear, this Court was not informed that USCIS had in fact

issued a written decision on June 5, 2006. Accordingly, on June 8, 2006, this Court remanded the case to USCIS for further proceedings, including a written decision supported by the evidence, and specifically retained jurisdiction.

On June 30, 2006, Zaidi filed a request for hearing, pursuant to Section 336(a) of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1447(a), which permits individuals whose applications have been denied to appeal for a *de novo* hearing in front of an immigration officer. USCIS initially rejected Zaidi's request because Zaidi enclosed a personal check, rather than a money order or cashier's check, in payment of the required filing fee. On July 26, 2006, Zaidi refiled his request for hearing, this time as a motion to reopen or reconsider, because the time for filing an administrative appeal under Section 336(a) had lapsed before Zaidi learned that his check was not accepted. In his motion, Zaidi argued that his request for hearing was improperly rejected because the instructions provided did not specify that payment by personal check would not be accepted.

On September 1, 2006, Zaidi filed the instant motion in this Court for a hearing and final determination of his application of naturalization pursuant to Section 336(b) of the INA, codified at 8 U.S.C. § 1447(b) and Section 310(c), codified at 8 U.S.C. § 1421(c). In lieu of a response to Zaidi's motion, Defendants filed a motion to dismiss Zaidi's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## LEGAL STANDARDS

Under Rule 12(b)(6), dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 519, 520-21 (1957).

Under Rule 12(h)(3), a challenge to subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 445 (2004). Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction, and we may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

In evaluating motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), we accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *Sapperstein*, 188 F.3d at 855.

## DISCUSSION

### A. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants did not specify which of Zaidi's claims they sought to have dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The only issue they raise that is not related to subject matter jurisdiction is the validity of Count III of Zaidi's complaint - his request for a writ of mandamus compelling Defendant Mueller to complete Zaidi's background

check. As Defendants have represented to this court that Zaidi's background check has been completed, we dismiss Count III as moot. *See, e.g., Dialysis Centers, Ltd. v. Schweiker*, 657 F.2d 135, 139 (7th Cir. 1981).

**B.     Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

The INA provides two avenues by which an applicant for naturalization may obtain *de novo* review of his application in federal district court. The first avenue of review, pursuant to Section 310(c) of the INA, codified at 8 U.S.C. § 1421(c), is open to unsuccessful applicants who have been denied naturalization twice - first in initial review under Section 335, and second after a hearing in front of an immigration officer under Section 336(c). The second avenue of review, pursuant to Section 336(b), codified at 8 U.S.C. § 1447(b), is open to those applicants who do not receive a decision on their applications within 120 days after their examinations by the USCIS. After an applicant files suit pursuant to § 1447(b), the district court "may either determine the matter or remand the matter, with appropriate instructions" to the USCIS. 8 U.S.C. § 1447(b).

Defendants request dismissal, asserting that this Court does not have jurisdiction under either § 1447(b) or § 1421(c) for three reasons: first, this Court has remanded the matter to USCIS; second, the June 5, 2006, decision rendered Zaidi's complaint for declaratory judgment moot; and third, Zaidi has not exhausted his administrative

remedies as required before seeking judicial review under § 1421(c). Zaidi, on the other hand, argues that this Court still has jurisdiction to adjudicate his application under both § 1447(b) and § 1421(c). First, Zaidi argues that § 1447(b) deprived USCIS of its ability to further adjudicate his application as soon as he filed his complaint, and so its June 5 decision is moot. Alternatively, Zaidi argues that we have jurisdiction under § 1421(c), because USCIS improperly rejected Zaidi's request for hearing under Section 336(a), the regulatory period for seeking review has expired, and his pending motion, a motion to reopen or reconsider, is not required by § 1421(c) in order to exhaust his administrative remedies.

As an initial matter, the June 5, 2006, decision did not moot Zaidi's complaint or his request for a hearing. Although the Seventh Circuit has not yet ruled on this issue, the majority of courts to consider the issue have held that § 1447(b) grants exclusive jurisdiction in the district court. *E.g.*, *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004). In *Hovsepian*, the Ninth Circuit concluded that § 1447(b)'s grant of authority to either determine or remand the matter is most logically interpreted as a grant of exclusive jurisdiction. The court also noted that this result is consistent with the more general judicial review provision of § 1421(c) and advances the statute's purposes of reducing the waiting time for applicants and ensuring fairness and consistency. An agency cannot render a decision when it is without jurisdiction, and

so a decision by USCIS after the applicant has filed his complaint in district court, pursuant to § 1447(b), is void. *See, e.g., Meraz v. Comfort*, No. 05 C 1094, 2006 WL 861859 (N.D. Ill. Mar. 9, 2006) (holding that § 1447(b) prevents USCIS from exercising jurisdiction once applicant for naturalization filed suit in the district court and ruling that USCIS's subsequent denial of application was ineffective); *Meyersiek v. USCIS*, No. CA-05-398, 2006 WL 1582397 (D.R.I. June 6, 2006); *Zaranska v. United States Dept. of Homeland Security*, 400 F.Supp. 2d 500 (E.D.N.Y. 2005) (refusing to remand application to USCIS where the agency purported to deny application after applicant filed suit in district court); *Castracani v. Chertoff*, 377 F.Supp. 2d 71 (D.D.C. 2005) (holding that agency no longer had authority to adjudicate application once action was commenced in district court, and remanding to agency for a decision in conformance with agency's belated approval of application).

USCIS acted on Zaidi's application after authority to determine his application vested exclusively in this Court and before the matter was remanded to the agency. Therefore, USCIS's June 5, 2006, decision is technically moot. Any other result would be inconsistent with the text and purpose of § 1447(b). *See Hovsepian*, 359 F.3d at 1164. However, because the June 5 decision satisfies the essentials of this Court's June 8 remand for USCIS to provide a written decision supported by the evidence, this Court will treat the June 5 decision as though it was rendered in response to the June 8 Order.

The larger question is whether Zaidi may now contest the USCIS's decision in this Court, under either § 1447(b) or § 1421(c), or whether he must return to the USCIS and exhaust his administrative remedies with that agency before he may bring his claims before this Court.

By remanding the matter to the agency for decision, this Court discharged its obligations under § 1447(b). *See, e.g., El-Daour v. Chertoff*, 417 F.Supp. 2d 836, 844-45 (E.D. Mich. 2006). If Zaidi is unhappy with the agency's decision, we have no basis in the text of § 1447(b) to exempt him from the requirement of exhaustion of administrative remedies that is required of every other individual whose application for naturalization is initially denied. *See Chavez v. INS,* 844 F. Supp. 1224, 1225 (N.D. Ill. 1993) (holding that "the legislature did not intend § 1447(b) to permit a district court to circumvent the appeals process provided by the statute").

Review under § 1421(c) is equally unavailable at this time. The INA, § 1421(c), and its implementing regulations, 8 C.F.R. 310 and 336, specifically require that an applicant must first request a hearing concerning the initial denial of his application for naturalization before he can file a complaint in federal court. Accordingly, exhaustion of administrative remedies is mandatory. *See Iddir v. INS*, 301 F.3d 492, 498 (2002); *Darby v. Cisneros*, 509 U.S. 137, 153-54 (1993). Zaidi argues that he has exhausted the remedies required by statute, and his current appeal, which is pending as an optional

motion to reopen or reconsider, should not toll the time for appeal to federal court under § 1421(c). Zaidi relies upon *Midland Coal Co. v. Director, Office of Workers' Compensation Programs*, in which the Seventh Circuit held that under *Darby*, a court may only apply the exhaustion requirements specified by statute or regulation, and may not impose additional requirements. 149 F.3d 558, 563 (1998). Thus, if a motion to reconsider is not required by regulation, the pendency of such a motion cannot toll the time for appeal. *Id.* Zaidi's argument fails, however, because in this case, unlike in *Midland Coal*, the underlying administrative review has not yet occurred - Zaidi has not yet had his hearing concerning the initial denial of his application for naturalization as is provided by Section 336(a) and required by § 1421(c).

Zaidi's current appeal with USCIS is pending pursuant to 8 C.F.R. 336.2(c)(2)(ii), which provides that if an untimely request for hearing under Section 336(a) meets the requirements of a motion to reopen under 8 C.F.R. 103.5(a)(2) or a motion to reconsider under 8 C.F.R. 103.5(a)(3), "the request for hearing must be treated as a motion, and a decision must be made on the merits of the case." Zaidi's motion cannot properly be considered a "motion to reconsider" under 8 C.F.R. 103.5(a)(2) or under any commonly understood meaning of the term because there has been no decision in front of a hearing officer to be reconsidered. Instead, Zaidi's motion is more properly styled a "motion to reopen" under 8 C.F.R. 103.5(a)(2) because

he is seeking to reopen a matter denied due to error in the process of application for hearing, rather than a matter denied on the merits. While it is true that 8 C.F.R. 336 and 310 do not expressly require the filing of a motion to reopen or reconsider as a prerequisite to judicial review, the statute and regulations do require a hearing in front of an immigration officer. As Zaidi has not yet undergone the required administrative review hearing, and there is no indication that USCIS is disposed to deny him the opportunity for this hearing, he has not yet exhausted his administrative remedies. To rule otherwise would enable applicants to bypass the administrative review provided for in Section 336(a) by simply filing their hearing requests late or out of compliance with agency regulations, and then claiming that they had exhausted their administrative remedies and are entitled to a hearing in federal court under § 1421(c).

## CONCLUSION

For the foregoing reasons, we cannot grant Zaidi's motion for hearing at this time and we deny the motion without prejudice. Defendants' Motion to Dismiss is granted, and Zaidi's complaint is dismissed without prejudice but with leave to reinstate by January 30, 2007.[1] This Court perceives no further obstacles to a speedy determination

---

[1] Regulations contained in 8 C.F.R. Part 336.2, which governs hearings pursuant to Section 336(a) of the INA, requires that a hearing be scheduled within a reasonable time, not to exceed 180 days from the date the applicant timely files his request. As Zaidi filed his first request for hearing on July 3, 2006, our order grants the INS 180 days at the most to schedule Zaidi's interview and then 30 additional days to render a

of Zaidi's status by USCIS. In light of the extraordinary amount of time that Zaidi's application for naturalization has been pending, we urge USCIS to act as quickly as possible to grant Zaidi a hearing under Section 336(a) and to render a decision.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: NOV - 1 2006

---

decision.